## SCHLUTER v. WADMAN.

No. A–2007.

District Court of Alaska. Third Division. Anchorage.
Jan. 18, 1939.

Clyde R. Ellis, of Anchorage, for plaintiff.
L. D. Roach, of Anchorage, for defendant.

HELLENTHAL, District Judge.

This is an action for a permanent injunction, restraining the defendant from being engaged in the business of painting and decorating in the City of Anchorage, Alaska, for five years from the 15th day of September, 1937.

On the 15th day of September, 1937, the plaintiff and the defendant entered into the following agreement:

### "Agreement of Sale

"It having been agreed that J. B. Wadman of Anchorage, Alaska, who is engaged in the painting and decorating business in said city, shall sell his said business and the good will thereof to Edw. A. Schluter, of the same place for the sum of $3,000.00, lawful money of the United States of America.

"Now, therefore, this indenture witnesseth that, in pursuance of said agreement, and in consideration of the sum of $1500.00, paid at the signing of this agreement, and the further sum of $1500.00 to be paid in installments of $100.-00 each and every month hereafter until said sum be paid in full, the said J. B. Wadman assigns to the said Edw. A. Schluter the whole of the business aforesaid, including the truck, fixtures and stock in trade, and the good will thereof, and he promises and agrees that he will not enter into the painting and decorating business in Anchorage, Alaska, for at least five years from date hereof; and the said J. B. Wadman shall have and be entitled to all sums of money due and owing him, or the said business, and shall be liable for all outstanding bills up to the date hereof, and the said Edw. A. Schluter shall not be responsible

for any bills contracted in said business, nor shall he be entitled to any sums due and owing in connection with the same, prior to this date.

"In witness whereof, the said vendor and purchaser have hereunto set their hands at noon this 15th day of September, 1937.

"Edw. A. Schluter

"L. D. Roach                                      J. B. Wadman"

The evidence shows that at the time of the making of this agreement and for considerable time prior thereto, the defendant conducted a painting and decorating business in Anchorage, Alaska; that the defendant conducted a store in which he sold paints and wall paper to the public generally, and took contracts for painting, papering, and decorating in the City of Anchorage, and used supplies from his stock, employed several painters and decorators in connection with said business; that the defendant superintended and had charge of the men employed by him but did not for three years prior to said sale work at his trade, that of painter, paper hanger and decorator, except to superintend and direct the workmen employed by him; that since the defendant entered into said agreement the defendant has at various times worked at his trade, that of painter, paper hanger and decorator, at a stipulated price per day; that he has refused to take contracts, that he has not employed any workmen but has at various times given estimates without the idea of taking a contract; that since the date of the sale he has not solicited any work; that the work done by him came to him without solicitation.

The question presented is, Does the contract and agreement which provides that the defendant shall sell his said business and the good will thereof to the plaintiff and wherein he promises and agrees that he will not enter into the painting and decorating business in Anchorage, Alaska, preclude him from working at his trade at a stipulated price per day?

The plaintiff contends that although the contract does not specifically provide that the defendant is not to work at his trade, that the contract should be construed as including the same because the contract provides that he shall sell the business and the good will thereof. The plaintiff called attention to several cases which he contends should control the court's decision in this case. The court is of the opinion, however, that in each of the cases cited, which have been examined by the court, the language of the contract was broader and more inclusive than the language of the contract under consideration.

The plaintiff also refers to a class of cases found in Proctor v. Hansel, 205 Iowa 542, 218 N.W. 255, 58 A.L.R. p. 156, relating to contracts made by professional men. The court is of the opinion that these cases are distinguishable from the case at bar for the reason that a professional man has only his skill to offer and there is no stock in trade or business included in the sale under such contracts, and if a professional man sells his good will it necessarily includes his personal services.

██ The court is of the opinion that the contract in this case, being a contract in restraint of trade, should not be extended or construed so as to include the personal labor of the defendant, and that the rule is well stated in 13 Corpus Juris, p. 557: "As a general rule, a contract against engaging in a similar business is broken by conducting or controlling such a business for another as manager or in a similar capacity, but it is not broken by merely entering into the employ of one conducting such a business in the capacity of clerk or servant." See, also, 17 C.J.S., Contracts, § 237.

The defendant may prepare findings of fact and conclusions of law and a decree in accordance with this opinion.